IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DONNIE BROWDER, | Civil No. 03-1691-AA |
| | OPINION AND ORDER |
| Petitioner, | |
| vs. | |
| BRIAN BELLEQUE. | |
| Respondent. | |

Tonia L. Moro
Assistant Federal Public Defender
15 Newtown Street
Medford, Oregon 97501
    Attorney for petitioner

Hardy Myers
Attorney General
Lester Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-6313
    Attorneys for respondent

AIKEN, Judge:

Petitioner requests that this court issue a writ for his immediate release from prison pursuant to 28 U.S.C. § 2254. Petitioner's motion is denied.

BACKGROUND

In November 1982, petitioner committed Robbery in the First Degree and Kidnapping in the Second Degree in Multnomah County, Oregon. On June 6, 1983, petitioner received an indeterminate sentence of 14 years for robbery, with a 7-year minimum term, and an additional 8 years for the kidnapping charge, with a 5-year gun minimum. On June 24, 1983, petitioner was given a 20-year concurrent, indeterminate sentence, with a 10-year minimum, for one robbery, and a consecutive 20-year sentence, with a 10-year gun minimum, for a second robbery.

The Board of Parole (the Board) set petitioner's early release date in April 1992, after 111 months, with a 12-month minimum period of supervision. The order stated that discharge prior to the sentence expiration date required a favorable recommendation by the parole officer and approval from the Board.

Petitioner was released from custody in March 1992. The order indicated the tentative parole discharge date was March 26, 1993, however, discharge required the Board's approval. Petitioner alleges that he remained on parole and was materially compliant with the terms of his release for over three years. Petitioner argues that March 26, 1993, his tentative parole

discharge date, passed without any action by the Board or petitioner's parole officer. Similarly, the three year period for extension of his discharge date expired as well.

Eventually, however, in October 1995, petitioner's parole officer recommended revocation based on petitioner's history of "unsatisfactory" performance, including six parole violations, with the last violation occurring in August 1995. Petitioner's release was revoked and the court imposed a 180-day sanction, after which petitioner was returned to parole. Then, in August 1996, petitioner's parole officer again recommended revocation for failing to comply with the release terms. Parole was again revoked, and the court imposed a 90-day sanction, after which petitioner was released and returned to parole. In August 1997, petitioner's parole was revoked for new criminal activity and another 90-day sanction imposed, after which petitioner was released and returned to parole. Early release was revoked again in March 1998, with a release and return to parole following a 90-day sanction. Parole was revoked again in August 1998, with release and return to parole following a 143-day sanction.

Release was revoked for the final time in June 1999, and a future disposition hearing scheduled. At the hearing, the Board found aggravation, and determined petitioner could not be adequately controlled in the community. The Board set petitioner's release date for May 2014, after a 181 month term of

incarceration. After administrative relief was denied, petitioner filed a state petition for habeas corpus in Marion County, and the writ issued. Four grounds were raised, including a challenge to the 1993 failure to grant a discharge from parole. Respondent filed a motion to dismiss, which was granted. Petitioner filed an appeal with the Oregon Court of Appeals raising three grounds for relief including a challenge to the 1993 failure to grant a discharge from parole. The Oregon Appellate court affirmed without opinion. Petitioner then appealed to the Oregon Supreme Court raising a single ground for relief: the 1993 failure to grant discharge. The Oregon Supreme Court denied review.

On December 8, 2003, petitioner filed the Petition before this court raising eight grounds for relief. Petitioner argues only the first ground in his Memorandum in Support of his Petition - failure to grant the 1993 discharge from parole. Petitioner expressly withdrew grounds 4, 5, 7 and 8; and stated that grounds 2, 3, and 6 "are treated as arguments in support of ground one." Petitioner's Supporting Memorandum, p. 2, 9, 10.

## DISCUSSION

This court previously granted respondent's motion to file an Amended Answer to raise the affirmative defense of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D). In <u>Shelby v. Bartlett</u>, 391 F.3d 1061 (9th Cir. 2004), the court held that the

one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applied to state prisoners "in custody pursuant to the judgment of a State court, even if the petition challenges an administrative decision rather than a state court judgment." Id. at 1066. Because the factual predicate for petitioner's claim arose before the AEDPA was enacted, petitioner had one year from the enactment of the AEDPA, or until April 24, 1997 to seek relief on this ground. Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). Petitioner is allowed "just 365 days to complete the entire process of filing a fully-exhausted federal habeas petition." Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002); Pub. L. No. 104-132, 110 Stat. 1214. Under § 2244(d)(1)(D), the limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered though the exercise of due diligence." Id.

I have previously found that the factual predicate underlying petitioner's claim was the Board's initial parole revocation order in 1995. I therefore found the Petition barred by the one-year statute of limitation in the AEDPA because the factual predicate for the claim arose before the enactment of the legislation, and the Petition was not filed by the AEDPA's April 24, 1997 deadline.

Petitioner now raises the argument that the period of time

between March 1993 and December 1999, should be equitably tolled. "Equitable tolling is 'unavailable in most cases,' and is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Corjasso, 278 F.3d at 877 (internal citations omitted); Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The threshold necessary to trigger equitable tolling is very high, "'lest the exceptions swallow the rule.'" Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002)).

The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the "extraordinary circumstance" was the but-for and proximate cause of his late filing. Miranda, 292 F.3d at 1065. If the petitioner did not exercise reasonable diligence under the circumstances in attempting to file after the extraordinary circumstance began, the link of causation between the extraordinary circumstance and the failure to file is broken. Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (cited with approval in Spitsyn, 345 F.3d at 802); see also Pace, 125 S.Ct. at 1814.

Petitioner argues that he relied upon the misrepresentations of the state's agents until his final injury which was the denial of his re-release. Petitioner asserts that from March 1993

through December 1995, he received erroneous information from his parole officer, and from December 1995 through June 1999, he received erroneous orders extending his discharge date and otherwise failing to consider his discharge from parole. Finally, petitioner contends that he did not learn until 1999 that the Board did not extend his discharge date between 1992 and 1995, nor did he learn, until 1999, that the Board did not have authority to extend his discharge after the 1995 revocation order. Petitioner argues that the court should find that extraordinary circumstances existed and therefore apply the doctrine of equitable tolling and deem his petition timely filed.

I disagree and find that petitioner has failed to show that "extraordinary circumstances" beyond his control made it impossible to timely file the federal habeas petition. Petitioner bears the burden of proving "this extraordinary exclusion should apply[.]" Miranda, 292 F.3d at 1065. Further, as noted above, those "extraordinary circumstances" must be the "but-for and proximate cause of the untimeliness." Gaston v. Palmer, 387 F.3d 1004, 1008 (9th Cir. 2004).

In surveying the cases where the Ninth Circuit found that equitable tolling applies, I find that the circumstances raised here do not rise to the level of "extraordinary circumstances" beyond petitioner's control making it impossible to timely file the petition at bar. See Miles v. Prunty, 187 F.3d 1104 (9th

Page 7 - OPINION AND ORDER

Cir. 1999)(officials failed to timely draw a prison trust account check); Calderon v. United States Dist. Court, 128 F.3d at 1288 (equitable tolling occurred when counsel moved out of state making it impossible for another attorney to file a petition within the statutory limits); Corjasso v. Ayers, 278 F.3d at 878 (district court lost the petition); Lott v. Mueller, 304 F.3d at 920 (deprived of legal files due to a transfer between institutions); Spitsyn v. Moore, 345 F.3d at 802 (egregious misconduct by attorney retained to file the federal petition); and Smith v. Ratelle, 323 F.3d 813 (9th Cir. 2003), cert. denied, 124 S.Ct. 2904 (2004)(district court erroneously dismissed a mixed habeas petition).

When petitioner here was paroled in March 1992, the order of parole set a 12-month minimum period of active supervision, and indicated discharge before the 2023 sentence expiration date required a favorable recommendation from the parole officer and Board approval. I find no contention that discharge was ever recommended or approved. Further, petitioner fails to cite any case holding that discharge occurs automatically by operation of law. In fact, the only Oregon decision addressing this issue held to the contrary. See Haskins v. Palmateer, 186 Or. App. 159, 168, 63 P.3d 31, rev. denied, 335 Or. 510, 73 P.3d 291 (2003)(under Board rules no discharge by inaction or operation of law). I find no extraordinary external circumstances beyond

petitioner's control preventing a timely filing of the petition at bar. Instead, petitioner elected to do nothing until the Board finally denied petitioner's re-release. At that time petitioner was spurred to file a state habeas petition. These circumstances fail to demonstrate the exercise of reasonable diligence by petitioner sufficient to excuse an untimely filed federal petition. See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000)("whether there are grounds for equitable tolling are highly fact-dependent," rejecting the argument that lack of access to library materials automatically qualified as grounds for equitable tolling, and remanding to district court to develop facts as to whether alleged unavailability of AEDPA materials in prison law library constitutes grounds for equitable tolling); Fail v. Hubbard, 315 F.3d 1059, 1062 (9th Cir. 2001)(equitable tolling rejected due to petitioner's decision to continue to advance his petition of entirely unexhausted claims after the district court informed him that he could only bring claims first brought in state court); Frye v. Hickman, 273 F.3d 1144, 1145 (9th Cir. 2001), cert. denied, 535 U.S. 1055 (2002)(no equitable tolling due to attorney negligence in miscalculating limitations period and negligence in general); Miranda v. Castro, 292 F.3d at 1066 (no equitable tolling due to negligent advice from direct appeal lawyer); and Green v. White, 223 F.3d 1001 (9th Cir. 2000)(no equitable tolling after voluntary dismissal for failing

to exhaust state remedies, petitioner then waited more than one year after the state proceedings were final to file federal petition).

Moreover, I find that petitioner's claim of misrepresentation by a state agent prior to 1995 is not credible. Petitioner alleges that a parole officer falsely told him in February 1993, "that he would not discharge Mr. Browder and instead, he would extend the parole for 36 months." Then, after realizing his error, the parole officer "told Mr. Browder that the Board had extended Mr. Browder's parole another year" and "[e]ach year for the next two years the parole officer told Mr. Browder that the Board had continued his parole another 12 months." Petitioner's Response to Motion to Amend Answer, p. 4-5. Finally, petitioner asserts that, "[r]elying upon these representations, petitioner did not think there was anything he could do about it." Id. The court notes, however, that petitioner's claim in state court was that his parole was automatically discharged by 1995 because petitioner had not received notice that his discharge date had been extended. Respondent's Ex. 128, p. 11. Specifically, petitioner's state habeas petition stated:

> d) Thirty (30) days prior to April 25, 1993, Plaintiff did not receive any written notice that his discharge date had changed from April 25, 1993. Plaintiff did not receive written notice with any reasons stating why his discharge date was changed, any indication that the Board had reviewed his case, or any notice from the supervising

Page 10 - OPINION AND ORDER

officer that his discharge date had been changed. Respondent's Exs. 104, 132.

Although petitioner contends that he was not aware until 1999 that the Board lacked authority to extend his discharge date after 1995, the facts regarding this alleged misrepresentation were not raised in petitioner's 2000 state habeas proceedings, either in the pro se petition for writ of habeas corpus; the replication prepared by the court appointed attorney; the pro se brief for the Court of Appeals; or by the attorney who prepared the petition to the State Supreme Court. Respondent's Exs. 102, 104, 128, 132. Failure to raise petitioner's "circumstances" at any time below, makes his claim of "extraordinary circumstances" suspect before this court.

## CONCLUSION

Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc. 2) is denied. The Petition is statutorily time-barred under § 2254(d)(1), and petitioner has failed to carry his burden of showing a right to equitable tolling of the statute of limitations. This case is dismissed.

IT IS SO ORDERED.

Dated this __27__ day of October 2005.

                                            /s/ Ann Aiken
                                               Ann Aiken
                                  United States District Judge